UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
LAUREN DALTON,
    Debtor.                                  No. 7-09-10289 SA

MORRISON SUPPLY COMPANY,
    Plaintiff,
v.                                              Adv. No. 09-1046 S

LAUREN DALTON,
    Defendant.

**MEMORANDUM OPINION ON DEFENDANT'S
MOTION TO DISMISS COMPLAINT FOR
<u>FAILURE TO STATE A CLAIM FOR RELIEF</u>**

This matter is before the Court on Defendant's Motion to Dismiss Complaint for Failure to State a Claim for Relief ("Motion") (doc 7). Defendant is represented by R. Trey Arvizu, III. Plaintiff is represented by Calvert Menicucci, P.C. (Sean R. Calvert). This is a core proceeding to determine the dischargeability of a debt. 28 U.S.C. § 157(b)(2)(I). The Court will defer ruling on the Motion until a probate proceeding is completed in state court and Plaintiff files an amended complaint.

In ruling on a motion to dismiss for failure to state a claim,

> "[w]e must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." <u>Alvarado v. KOB-TV, L.L.C.</u>, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted). In addition, in determining whether to grant a motion to dismiss for failure to state a claim, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." <u>Id.</u> at 1215 n. 2.

Pace v. Swerdlow, 519 F.3d 1067, 1073 (10th Cir. 2008).

The substantive allegations of the complaint include: John Dalton[1] entered an open account agreement with Plaintiff in 2002 under the name Dalteck Heating & Air Conditioning (a sole proprietorship)(¶ 6).  He purchased materials from Plaintiff between 2002 and December 27, 2007 (¶ 7).  On August 24, 2007 he organized Dalteck Heating & Air Conditioning, LLC (¶ 8).  John Dalton never opened a new open account agreement for the LLC with Plaintiff (¶ 9).  Between November 13, 2007 and December 27, 2007, John Dalton purchased materials from Plaintiff on the open account agreement in the amount of $45,242.56 (¶ 10).  John Dalton was killed in a car accident on December 29, 2007 (¶ 11).

On April 7, 2008, Plaintiff commenced a state court lawsuit in Eddy County, New Mexico against "Estate of John Dalton and Dalteck Custom Sheetmetal & HVAC, LLC."[2]  (¶ 12).  On March 19, 2009 Plaintiff obtained a default judgment against the Estate of John Dalton and Dalteck Custom Sheetmetal & HVAC, LLC, a copy of which is attached to the adversary complaint (¶ 13).

The Estate of John Dalton has never been formally or informally probated (¶ 14).

---

[1] The Court assumes that John Dalton is Debtor's late husband.

[2] The complaint does not identify this entity or its relation to John Dalton or Dalteck Heating & Air Conditioning, LLC.

Case 09-01046-s    Doc 14    Filed 10/09/09    Entered 10/09/09 15:09:56 Page 2 of 10

Count I is labeled "Conversion" and appears to assert a claim under § 523(a)(4) or (a)(6).[3] On December 29, 2007, materials sold by Plaintiff remained in John Dalton's possession (¶ 17). Defendant claimed the assets of Dalteck Heating & Air Conditioning, LLC as her personal property in her bankruptcy petition.[4] (¶ 18). She claimed in her petition that she had no supplies, equipment or business inventory, including the materials sold by Plaintiff to John Dalton and in his possession at the time of his death (¶ 19). Defendant intentionally converted and sold or utilized the materials sold by Plaintiff to John Dalton without having any interest therein and without payment to Plaintiff for the materials so converted (¶ 20). Defendant, in her petition, claims assets that belong to John Dalton, including his 401k plan (¶ 21). Defendant has intentionally seized and claimed dominion over the assets of the Estate of John Dalton without probate as required by law and without payment to the debtors [sic, should be creditors] of the

---

[3] Plaintiff's amended complaint should address the fact that a "technical conversion" does not fall within the § 523(a)(6) exception to discharge. C.I.T. Financial Services, Inc. v. Posta (In re Posta), 866 F.2d 364, 368 (10th Cir. 1989)(citing Davis v. Aetna Acceptance Co., 293 U.S. 328, 331-32 (1934). Only conversions that are both "willful" and "malicious" are nondischargeable. Id. at 367. See also Kawaauhau v. Geiger, 523 U.S. 57, 64 (1998)(Debts arising from recklessly or negligently inflicted injuries do not fall within 523(a)(6).)

[4] Debtor filed a Chapter 7 bankruptcy in New Mexico on January 28, 2009.

probate estate (¶ 22). Defendant's acts regarding the assets of the Estate of John Dalton without probate and distribution of the assets constitutes conversion of the assets (¶ 23).

Count II is labeled "Fraud" and asserts a claim under § 523(a)(2). Defendant has an interest in the Estate of John Dalton and may be entitled to be appointed as Personal Representative ("P.R.") of the Estate (¶ 25). No petition for appointment as P.R. has been made (¶ 26). If Defendant was acting as P.R. of the Estate of John Dalton in distributing assets to herself, then her acts as P.R. constitute a fraudulent conveyance contrary to the requirements of the Uniform Probate Code ("U.P.C.") (¶ 27).

Count III is labeled "Breach of Fiduciary Duty" and asserts a claim under § 523(a)(4). Under the U.P.C., NMSA § 45-3-711, P.R.'s are subject to a trust duty to creditors and others interested in the estate (¶ 31). Under the U.P.C., NMSA § 45-3-712, P.R.'s are liable to creditors of the Estate and interested persons for damage or loss resulting from breach of the P.R.'s fiduciary duty (¶ 32). If Defendant acted as P.R. and transferred assets of the Estate of John Dalton, then Defendant has breached her fiduciary duty to Plaintiff (¶ 33).

Count IV is labeled "Objection to Discharge under Section 523(a)(4)." To the extent the assets of the Estate of John Dalton including the materials sold by Plaintiff and converted by

Defendant or John Dalton's 401k plan are the property of the bankruptcy estate, they are in the bankruptcy estate only through the fraud and breach of fiduciary duty by Defendant, and the related debts are not dischargeable (¶ 36). Alternatively, Defendant has mistakenly claimed assets of the Estate of John Dalton as bankruptcy estate assets and Plaintiff should be allowed to enforce its judgment against the Estate assets that are in the bankruptcy estate (¶ 37). Essentially this count recapitulates Counts I, II and III.

The complaint seeks an order allowing Plaintiff to proceed against the assets of the Estate of John Dalton claimed to be assets of the bankruptcy case, or, in the alternative, for a judgment against Defendant denying discharge of any amounts owed to Plaintiff.

## DISCUSSION

Plaintiff describes two possible sources of Defendant's liability[5]. First, Defendant has a liability by virtue of the community property laws for the materials purchased by John Dalton. This liability is not mentioned in the complaint, and the Court assumes that Plaintiff is not claiming that liability is nondischargeable under any subsection of § 523. The other liability is completely bound up in the fact that no probate

---

[5]There is no allegation that either LLC owned any of the property or owed any of the debt.

proceedings were ever filed for John Dalton, e.g., Defendant converted probate estate property to her own use, fraudulently conveyed probate assets to herself, failed to file a probate, failed to pay probate estate creditors. As a general rule, as discussed below, federal courts lack jurisdiction over probate matters. Therefore, the Court will suspend this case pending the results of a probate action to be filed in the New Mexico state courts.

> It is true that a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789, 1 Stat. 73, and s 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters. But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heris' [sic] and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

Markham v. Allen, 326 U.S. 490, 494 (1946). (Citations omitted.) The Court of Appeals for the Second Circuit adopted a two-part test to determine whether a particular lawsuit implicates "probate matters." Moser v. Pollin, 294 F.3d 335, 340 (2nd Cir. 2002):

> First, is the federal district court sitting in diversity being asked to directly probate a will or administer an estate? These functions are "purely probate" in character and are considered to be categorically outside the jurisdiction of the federal courts. See Markham, 326 U.S. at 494, 66 S.Ct. 296;

> Ashton [v. Josephine Bay Paul and C. Michael Paul Foundation, Inc.], 918 F.2d [1065] at 1071 [(2nd Cir. 1990)]. Of course, since few practitioners would be so misdirected as to seek, for example, letters testamentary or letters of administration from a federal judge, the first prong of the probate exception is rarely, if ever, violated.
>
> On the other hand, it would not at all be surprising for a diversity action filed in federal district court to be indirectly related to the probate of a will or the administration of an estate. The instant appeal, as we determine infra, presents just such a factual circumstance. In respect of lawsuits that are "probate-related" rather than purely probate in character, the Supreme Court has found that some but not all such suits fall categorically within the probate exception. Markham, 326 U.S. at 494, 66 S.Ct. 296. Thus, the second prong of the probate exception asks whether entertaining the action would cause the federal district court to "interfere with the probate proceedings or assume general jurisdiction of the probate or control of property in the custody of the state court." Id. Only in those three enumerated situations must a probate-related case be dismissed from federal court for lack of subject matter jurisdiction. See Dulce v. Dulce, 233 F.3d 143, 145 (2d Cir.2000); Ashton, 918 F.2d at 1072. This "interference prong" is in practice the workhorse of the probate exception.

In this case, Plaintiff is not asking the bankruptcy court to probate a will, but it is asking the court to assume general jurisdiction over probate matters. Plaintiff seeks to declare Defendant as the P.R., impose fiduciary duties upon her, seek a determination of what property is in the probate estate, assess penalties against her for any damages resulting from the alleged breaches of fiduciary duty, and to receive payment as if a probate had been filed. These matters are all things that probate courts regularly do. The bankruptcy court does not have

Page -7-

Case 09-01046-s    Doc 14    Filed 10/09/09    Entered 10/09/09 15:09:56 Page 7 of 10

jurisdiction to perform these tasks.  See also U.P.C., NMSA § 45-1-302(A)(1) ("The district court has exclusive original jurisdiction over all subject matter relating to: 1) formal proceedings with respect to the estate of decedents, including ... distribution and closing of estates[.]")(emphasis added). Accord Litzinger v. Estate of Victor Litzinger (In re Litzinger), 322 B.R. 108, 113 (8th Cir. B.A.P. 2005)(remanding case to allow bankruptcy court to analyze whether resolution of the dispute lay exclusively within the jurisdiction of the Michigan probate court.); Lepard v. NBD Bank, 384 F.3d 232, 237 (6th Cir. 2004) (affirming District Court's dismissal of a claim based on the administration of a trust because the state statute read "The [probate] court has exclusive legal and equitable jurisdiction [over] ... (b) [a] proceeding that concerns ... the administration ... of a trust[.]")

In conclusion, the Court will suspend this case pending the outcome of a probate case to be filed in the New Mexico state court.  That proceeding will necessarily determine who is the P.R., what assets are in the probate estate, what assets are Defendant's, what assets were converted (if any), whether Defendant could be liable for breach of fiduciary duties before being appointed P.R.[6], whether Plaintiff's claim was timely,

---

[6]A person who presumes to act on behalf of an estate but without authority to do so is known as an "executor de son tort." (continued...)

whether Plaintiff was harmed by any transfer of assets by Defendant, whether Defendant would be liable to the probate estate or directly to any individual creditors for any alleged conversion of assets[7], and the amount of distribution Plaintiff would have received from the probate estate, if any.  The probate action should be filed by Plaintiff, which shall bear the costs of the filing.  If Plaintiff fails to file the probate proceeding within 45 days of the entry of this Memorandum Opinion, upon certification by Defendant's lawyer that no probate has been filed, this adversary proceeding will be dismissed without further notice or hearing.  Plaintiff should file a report at the conclusion of the probate case and an amended complaint setting forth the causes of action that remain.

_/s/ James S. Starzynski_
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  October 9, 2009

---

[6](...continued)
An executor de son tort is subject to all of the liabilities of a duly appointed P.R. but is not entitled to any of the privileges. <u>Albritton v. Estate of Albritton</u>, 731 So.2d 154, 156 (Fla. Ct. App. 1999).

[7]Under Florida statute § 733.309, an executor de son tort is liable to the P.R. when appointed for any damages.  <u>Albritton</u>, 731 So.2d at 156.  <u>Compare</u> Ga. Code Ann. § 53-6-2 (Executor de son tort is liable to the creditors and beneficiaries for double the value of property converted in bad faith.)  New Mexico does not appear to have a similar statute.

Copies to:

Sean R Calvert
Calvert Menicucci, PC
8900 Washington St., Suite A
Albuquerque, NM 87113

R Trey Arvizu, III
PO Box 1479
Las Cruces, NM 88004-1479

Case 09-01046-s    Doc 14    Filed 10/09/09    Entered 10/09/09 15:09:56 Page 10 of 10